RECEIVED
MAY 20 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

CODY NELSON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 12-5265 (FLW)

**OPINION**

---

<u>Wolfson, District Judge:</u>

Presently before the Court is a motion ("Motion") brought by Cody Nelson ("Petitioner"), pursuant to 28 U.S.C. § 2255. Respondent United States of America ("Respondent") moves to dismiss the Motion. See Docket Entry No. 10. For the reasons expressed below, the Court will dismiss the Motion as time-barred and, alternatively, on the merits.

**I.**     **Factual Background and Procedural History**

Petitioner and his co-defendants were charged with various controlled-substance offenses. See United States v. Clark et al., Crim. Action No. 06-0449 (FLW) (D.N.J.) (filed June 14, 2006). Petitioner pled guilty to: (a) conspiracy to distribute controlled substances; and (b) a felon-in-possession charge. See id. On August 13, 2008, this Court sentenced him to 130 months on the former and to 120 months on the latter, with both sentences to run concurrently.[1] See id. Docket Entry No. 318. All other charges were dismissed. See id.

---

[1] The 130-month conspiracy to distribute sentence was later reduced to 120 months pursuant to 18 U.S.C. §3582(c)(2).

Petitioner did not pursue a direct appeal. See, generally, id. Rather, on August 16, 2012, Petitioner filed the instant § 2255 Motion. See Instant Matter, Docket Entry No. 1, at 3. Being advised of his rights under United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), he amended his Motion on November 21, 2012. See Instant Matter, Docket Entries Nos. 2 and 7.

Petitioner asserts that his Motion is timely because the default habeas statutory provision, found in Section 2241, and which is free of temporal limitations, should apply.[2] Alternatively, he: (1) alleges that his conviction/sentence ensuing from the felon-in-possession charge should be vacated under the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010)[3]; and (2) seemingly relies on 28 U.S.C. § 2255(f)(3) for the proposition that the issuance of Carachuri rendered his Motion timely.[4] See id. at 4-6.

---

[2] Petitioner relies on In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), in support of his position as to timeliness. See Instant Matter, Docket Entry No. 7, at 3-4.

[3] Carachuri involved an immigration law challenge brought by an alien who had been deemed an "aggravated felon" on account of prior felonious conduct prosecuted as a misdemeanor. See id. The case is discussed in more detail infra.

[4] Petitioner asserts that Carachuri rendered him "actually innocent" of the felon-in-possession charge. See Docket Entry No. 7, at 4-8. Petitioner's employ of the term "actual innocence" suggests his misunderstanding of this term. A claim of "actual innocence" relates to innocence in fact, not innocence based on an alleged legal defect. In other words, a litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting the litigant to argue the merits of his claim. Therefore, a claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 547 U.S. 518 (2006); Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, Petitioner does not dispute that he was, indeed, in possession of a firearm, and he does not dispute the existence of his underlying state felony conviction. Nor does he offer any new evidence. Rather, he maintains that this Court erred in qualifying Petitioner's prior state conviction as a felonious offence (even though the record is undisputed that it was a felony) because his sentence was for less than one year of imprisonment. See Docket Entry No. 7, at 4-8. Thus, his challenge relates to a question of legal construction, not innocence-in-fact.

## II. Standard of Review

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of [an Article III] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, unless the moving party claims a jurisdictional defect or a Constitutional violation, the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." United States v. Horsley, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting Hill v. United States, 368 U.S. 424, 429 (1962)). See also United States v. Adams, 252 F.3d 276, 281 (3d Cir. 2001).

## III. Discussion

### A. The Motion is Untimely

A one-year period of limitation applies to motions brought under § 2255. Specifically, subsection (f) provides:

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A "'judgment of conviction becomes final' within the meaning of § 2255 on the later of: (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari; or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); see also Gonzalez v. Thaler, – U.S. – , 132 S.Ct. 641, 653 (2012) (discussing Clay v. United States, 537 U.S. 522, 532 (2003)). If a defendant does not pursue a timely direct appeal, the conviction and sentence become final, and the limitations period begins to run on the date on which the time for filing such an appeal expired. See Kapral, 166 F.3d at 577.

In this case, Petitioner did not file an appeal, and his conviction became final when his time to appeal expired under the Federal Rules of Appellate Procedure—14 days after the entry of judgment in the district court. See Fed. R. App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed . . . within 14 days after . . . the entry of either the judgment [being] appealed"). This means that Petitioner's conviction became final on August 27, 2008, and that his limitations period expired on August 26, 2009.[5] Petitioner failed to meet this August 26, 2009, deadline; he did not file his initial Motion until almost three years after the deadline, on August 22, 2012. Accordingly, his Motion is facially untimely, and the Court must dismiss it on this ground.

---

[5] To the extent Petitioner relies on Carachuri, 130 S. Ct. 2577, to argue that the 28 U.S.C. § 2255(f)(3) exception to the one-year limitations period applies, that argument is also without merit. The ruling in Carachuri was issued on June 14, 2010. Thus, even if that decision could have triggered the 2255(f)(3) exception, Petitioner's limitations period would have expired on June 13, 2011. Here, Petitioner's § 2255 Motion was filed on August 22, 2012, i.e., more than a year after that June 13, 2011, cut-off date.

4

## B. The Motion is without Merit

Even if this Court were to consider the Motion on its merits, Petitioner would not be entitled to relief. Here, Petitioner relies on Carachuri for the proposition that this Court erred in deeming him a prior felon for purposes of the felon-in-possession charge. See Docket Entry No. 1-1, at 3-8, and Docket Entry No. 7, at 4-8.[6] Petitioner, however, erroneously relies on Carachuri since courts have held that Carachuri is not retroactively applicable and, even if it did apply, it does not substantively alter his prior-felon status.

While the Court of Appeals for the Third Circuit has yet to squarely address the question of whether Carachuri could be applied retroactively on collateral review, many courts have held that Carachuri is not retroactively applicable in habeas proceedings. See, e.g., United States v. Powell, 691 F.3d 554 (4th Cir. 2012); Fields v. Warden, FCC Coleman - USP 1, No. 11-14997, 2012 U.S. App. LEXIS 14754 (11th Cir. 2012); Bogardus v. United States, Crim. No. 105-014, Civ. No. 110-155, 2012 U.S. Dist. LEXIS 11644 (S.D. Ga. Jan. 4, 2012) (collecting cases); see Crawford v. United States, No. 12-1545, 2012 U.S. Dist. LEXIS 150577, *6 (D.N.J. Oct. 19, 2012) (collecting cases). Moreover,

> in Teague v. Lane, 489 U.S. 288 (1989), the Supreme Court set forth two regimes governing the retroactive application of constitutional principles to criminal cases. Teague divided the world into two categories, "old rules" and "new rules." A rule is a "new rule" for Teague purposes "if the result was not dictated by precedent existing at the time the defendant's conviction became final." Id. at 301.

---

[6] Petitioner does not challenge his conviction (and accompanying 120-month concurrently running sentence) on the conspiracy-to-distribute charge. Thus, even if he could, hypothetically, obtain a vacatur of his felon-in-possession sentence, his total prison term would stay the same.

United States v. Orocio, 645 F.3d 630, 637 (3d Cir. 2011), abrogated in part on other grounds Chaidez v. United States, 133 S. Ct. 1103 (2013). Under Teague, a new rule is retroactively applicable to cases on collateral review under certain circumstances, i.e., where: (1) "the new rule places certain kinds of criminal conduct beyond the power of the criminal law-making authority to proscribe"; or (2) "the new rule is a 'watershed rule[] of criminal procedure' that 'alter[s] our understanding of the *bedrock procedural elements* that must be found to vitiate the fairness of a particular conviction.'" Teague, 489 U.S. at 311 (emphasis in original) (internal quotation marks omitted). Petitioner has not demonstrated why the rule in Carachuri's should qualify as a "new rule" under Teague, nor has he shown that Carachuri placed his criminal conduct beyond the power to proscribe.

Furthermore, even if the Court were to presume that Carachuri is retroactively applicable, Carachuri is substantively inapplicable to Petitioner's conviction. As noted, in Carachuri, the Supreme Court addressed an immigration law challenge brought by a alien who was prosecuted for a misdemeanor, although his conduct was punishable as a felony. See Carachuri, 130 S. Ct. at 2580. The Carachuri Court concluded that, based on the text of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a)(3), courts must "look to the [alien's actual] conviction itself . . . , not to what might have or could have been charged to determine whether [the] alien had been convicted of an aggravated felony." Id. at 2086. In short, the Supreme Court rejected a "hypothetical approach" to ascertaining how a prior conviction would be categorized for certain immigration purposes.[7] Id.

---

[7] The immigration consequences for the alien in that case turned on whether his prior conviction was an aggravated felony. Id.

Here, Petitioner's reliance on Carachuri is unavailing. Petitioner inverts the holding of Carachuri by suggesting that his actual conviction should be ignored, and that a misdemeanor conviction should be hypothesized from the mere length of the sentence imposed by the state court. See Docket Entry No. 7 at 4-8 (maintaining that, under such an analysis, Petitioner cannot be deemed a prior felon simply because he was not ordered to serve a year prison term). As Respondent correctly points out, a determination as to whether an offense qualifies as a felony is made on the basis of the maximum punishment applicable, not the punishment actually rendered. See Instant Matter, Docket Entry no. 10-1, at 7-10 (providing an exhaustive discussion of this issue and correctly citing United States v. St. Clair, Crim. No. 08-122, Civ. No. 12-294, 2012 U.S. Dist. LEXIS 52866 (W.D. Pa. Apr. 16, 2012), and Bogardus v. United States, supra). Furthermore, Carachuri's immigration-specific ruling has no bearing on the determination of whether his prior felony conviction supports his felon-in-possession charge under federal criminal law.[8]

Accordingly, even assuming that Carachuri applies retroactively, and that his petition is timely, Carachuri offers no help to Petitioner. He has not shown that the Court erred in deeming him a prior felon for the purposes of his felon-in-possession federal conviction.

---

[8] Indeed, Third Circuit decisions that have discussed Carachuri have limited it to its facts, which buttresses my conclusion that Petitioner's reliance on Carachuri is unwarranted. See, e.g., United States v. Seiber, No.12-2523, 2013 U.S. App. LEXIS 5446 (3d Cir. Mar. 20, 2013) (refusing to apply Carachuri outside of the immigration revocation proceeding context); United States v. Bradley, No. 10-3106, 2012 U.S. App. LEXIS 24673 (3d Cir. Nov. 30, 2012); Griffith v. AG of the United States, No. 09-4737, 2010 U.S. App. LEXIS 20790 (3d Cir. Oct. 5, 2010).

## C. Lack of Section 2241 Jurisdiction

As an alternative to his § 2255 challenges, Petitioner relies on Dorsainvil, 119 F.3d 245, and seeks to have his Motion re-characterized into a § 2241 petition. Such re-characterization, however, would require the Court to dismiss his application for lack of jurisdiction.

Section 2255 is the "presumptive means" by which a federal prisoner can challenge his conviction and sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A litigant can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See Dorsainvil, 119 F.3d at 249-51. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. See Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Court of Appeals allowed the petitioner to proceed under § 2241 because an intervening change in the law decriminalized conduct for which he had been convicted, and he had no earlier opportunity to challenge that conviction. See Dorsainvil, 119 F.3d at 251. Here, as detailed supra, Carachuri did not decriminalize Petitioner's conduct. Therefore, the narrow jurisdictional exception envisioned in Dorsainvil cannot be invoked in this matter, see, e.g., Bey v. Warden, No. 12-13974, 2013 U.S. App. LEXIS 4613 (11th Cir. Mar. 7, 2013) (addressing

this very issue), and re-characterization of Petitioner's Motion into a Section 2241 petition would be futile.[9]

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(B), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Here, Petitioner failed to make a substantial showing that his constitutional rights have been violated. A denial of such, no reasonable jurists would disagree with this Court's resolution of Petitioner's claims and no certificate of appealability will issue.

## V. Conclusion

For the foregoing reasons, Petitioner's Motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Petitioner's application for appointment of counsel and an evidentiary hearing is denied as moot. An appropriate Order follows.

---

[9] Petitioner's traverse includes a request for appointment of counsel and an evidentiary hearing. See Docket Entry No. 11, at 1. In light of the Court's denial of Petitioner's Motion, that application will be dismissed as moot.

_____
**Freda L. Wolfson,**
United States District Judge

Dated: